CASTATOR *v.* BOYES & BLANDFORD CO.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — DIS-
MISSAL OF APPEAL WITHOUT APPELLEE'S CONSENT.

The department of labor and industry has the power, on appellants' motion, to dismiss the appeal of an employer and its insurer from an award by the arbitration committee to an injured employee, under the workmen's compensation act, without the latter's consent, where the order of dismissal was made before the hearing before the full board; 3 Comp. Laws 1915, § 14566, having no application.

Certiorari to Department of Labor and Industry. Submitted January 17, 1923. (Docket No. 115.) Decided March 22, 1923.

Henry Castator presented his claim for compensation against Boyes & Blandford Company for an accidental injury in defendant's employ. There was an award in plaintiff's favor by the arbitration board, and defendant and the General Casualty & Surety Company, insurer, appealed to the full board. From an order granting a motion to dismiss the appeal, plaintiff brings certiorari. Affirmed.

*Kerr & Lacey,* for appellant.

BIRD, J. Henry Castator, the plaintiff, was an employee of Boyes & Blandford Company, a contracting firm, engaged in road construction in this State. Mr. Castator, while in its service, suffered an injury. He was denied compensation by his employers and thereupon he applied to the department of labor and industry and an arbitration board was appointed and heard his case. An award was made in his favor.

The defendants, feeling aggrieved, appealed the case to the full board, and each side thereafter proceeded to take depositions to be submitted upon the hearing.

Before the time came for the hearing the defendants wrote to the board and requested their appeal be dismissed, whereupon the board entered an order dismissing the appeal.

Counsel for plaintiff have brought the record and proceedings to this court on certiorari and make the point that the board had no power to dismiss the appeal without the consent of plaintiff.

Section 3, part 3, of the act creating the industrial accident board (2 Comp. Laws 1915, § 5456), provides that:

"The board may make rules not inconsistent with this act for carrying out the provisions of the act. Process and procedure under this act may be as summary as reasonably may be." * * *

We do not find that the board has promulgated any

express rule with reference to the dismissal of appeals or causes. The appeal under consideration was taken by defendants. It was their appeal and if the same rules are to be applied as are applied in analogous cases in the courts, they had a right to dismiss it without the consent of the opposite party. An appellant will, as a rule, be permitted to dismiss or withdraw his appeal. 3 Cyc. p. 184.

According to the great weight of authority, an appellant or plaintiff in any error may dismiss his appeal or writ of error without regard to the consent of the appellee or defendant in error. And this rule has been held applicable to an appeal from a judgment of a justice of the peace when the cause is to be tried *de novo* in the appellate court. 2 R. C. L. p. 168.

At the common law the plaintiff had a right to abandon an action and become nonsuit at any time before verdict, if not before judgment. The general rule is that the plaintiff may discontinue his suit without prejudice at any time before a verdict is rendered by a jury, or judgment or decree entered in cases tried by the court. 7 Standard Ency. of Procedure, p. 662; *Merchants' Bank* v. *Schulenberg,* 54 Mich. 49; *Deneen* v. *Railway Co.,* 150 Mich. 235 (13 Ann. Cas. 134) ; *Davis* v. *Railway,* 162 Mich. 240.

It has been held that a plaintiff may, upon trial, submit to a nonsuit or voluntarily discontinue before trial in a suit brought into the circuit court by appeal from a justice as well as in one brought there by original writ or declaration. *French* v. *Weise,* 112 Mich. 586; *Taylor* v. *Dansby,* 42 Mich. 82.

A plaintiff in error will be allowed to dismiss his writ of error on motion on payment of costs. *Birch* v. *Brown,* 5 Mich. 31.

These cases establish the right of a plaintiff or an appellant to dismiss his case or his appeal without

the consent of the opposite party. This rule has been modified to a limited extent by the following recent statute:

"That in any civil action hereafter commenced in this State, whenever the defendant shall have entered upon his defense to the action in open court, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant." 3 Comp. Laws 1915, § 14566.

But this statute would not affect the present case as the defendants had not entered on their defense in open court when the order of dismissal was made.

Counsel make reference to the case of *Margenovitch* v. *Mining Co.*, 213 Mich. 272. We do not think this case is in point. That case held in effect that if either party to the controversy appealed the industrial accident board had the power to review the decision of the committee of arbitration, and increase or decrease the award.

We are of the opinion that the board had the power to dismiss the appeal upon the application of appellants, by virtue of one of the incidental powers conferred on it by the statute.

The writ will be dismissed, and the order of the board affirmed.

Wiest, C. J., and Fellows, McDonald, Clark, Sharpe, Moore, and Steere, JJ., concurred.