HOBBS AUTO CO. *v.* JONES.*

(Division B. Nov. 2, 1925.)

[105 So. 764. No. 25144.]

1. JUSTICES OF THE PEACE. *Circuit court on appeal from justice court has jurisdiction if justice court had jurisdiction; on appeal from justice court to circuit court, amending account or amount involv-*

*ing jurisdiction, increasing amount above justice court's jurisdiction, held not permissible.*

The circuit court on appeal from a justice court has jurisdiction if the justice court had jurisdiction; the test is the suit as it stood in the justice court, and it is not permissible to amend the account or the amount involving jurisdiction so as to increase the amount sued for above the justice court's jurisdiction.

2. Justices of the Peace. *Adding to account sued on in justice court item accruing subsequent to filing suit therein held not permissible; circuit court will not dismiss cause appealed from justice court because plaintiff, without authority of court, added item accruing subsequent to filing suit.*

It is not permissible to add to an account sued on in the justice court any item which accrued subsequent to the filing of the suit in the justice court, but the circuit court will not dismiss the cause appealed from the justice court where the justice had jurisdiction because the plaintiff, without authority of court, added to the account in violation of this rule.

*Headnotes 1.   Justices of the Peace, 35 C. J., Sections 388, 549; Jurisdiction of appellate court on appeal from justice of the peace, 16 R. C. L., p. 402; 2. Justices of the Peace, 35 C. J., Section 545.

Appeal from circuit court of Lauderdale county.

Hon. C. C. Miller, Judge.

Action by S. A. Jones against the Hobbs Auto Company. After judgment by default for plaintiff in a justice court, defendant appealed to the circuit court, and from its judgment for plaintiff, defendant appeals. Judgment of the circuit court affirmed.

*F. K. Ethridge,* for appellant.

The original account shows that the amount involved exceeded the jurisdiction of the justice court. In this account, the appellee claims two hundred dollars principal and eight dollars and eighty-eight cents interest, on difference of price in the two autos. This would have been all right, and within the jurisdiction of the justice court, but the appellee goes further; he gives credit for the seventeen dollars and seventy-four cents repair bill,

and then adds same on again without stating what he was claiming for.

Appellant admits he paid Hobbs the seventeen dollars and seventy-five cents he claims after suit was brought, and which he seeks to recover in the suit by rebating the original amount. The sums sought to be recovered for in the account as seen was on a two hundred dollar contract, seventeen dollars and seventy-four cents, money had and received, and eight dollars and eighty-eight cents interest, or a total of two hundred twenty-six dollars and sixty-three cents. But the appellee attempted by juggling figures to cover both items and fraudulently reduce his claim, in order to give the justice court jurisdiction. See *Adams* v. *U. S. Fidelity Co.,* 94 Miss. 433, 49 So. 779; *Vance* v. *State,* 93 So. 881; *Parks* v. *Granger,* 96 Miss. 503, 51 So. 779; *Martin* v. *Hardin,* 52 Miss. 694; *Fenn* v. *Harrington,* 54 Miss. 733. In *Betts* v. *Falgo,* 88 So. 636 and 637, this court said: ''The jurisdiction of the justice court is fixed by section 2723 (section 2222, Hemingway's Code) . . .''

It is perfectly manifest in this case that there was a purposely made reduction of the amount demanded for the purpose of conferring jurisdiction. The account shows, which is the pleadings of the plaintiff, two items which added together amount to two hundred twenty-six dollars, which even with the fraudulent credit amount to two hundred eight dollars and eighty-eight cents. The plaintiff simply sought by reduction and fraud to confer jurisdiction on the justice court.

We respectfully submit that on the above error this cause should be reversed and dismissed.

*W. M. Everett* and *V. W. Gilbert,* for appellee.

We know of no argument that can be made. The seventeen dollars and seventy-five cents credit was a legitimate credit on the account sued on in the justice of the peace court, and being a legitimate credit, nothing that

could happen in the appellate court could affect the jurisdiction of the justice of the peace. Merely because Jones, under the exigencies of the case was forced to pay it after the appeal, only clinches the fact that he owed it, and owing it, it was his duty to give credit for it in the suit he filed.

The only fraud involved was the extortion of the seventeen dollars and seventy-five cents from Jones, when Hobbs owed Jones the amount of the judgment when he forced the payment. Since the justice of the peace had jurisdiction any additional demand made in the circuit court could not affect the rights of the parties. Clearly the circuit court could have rendered judgment for the one hundred ninety-one dollars and thirteen cents, plus the seventeen dollars and seventy-five cents, since the additional demand originated while the case was pending in that court; but that is a moot question since the jury returned a verdict for one hundred ninety-one dollars and fifteen cents, for which amount judgment was rendered, from which this appeal is prosecuted.

This disposes of the only matter argued by appellant, and since the authorities cited have no application to the case shown by this record we do not review them.

ETHRIDGE, J., delivered the opinion of the court. ·

The appellee, Jones, sued Kelly Hobbs, trading as the Hobbs Auto Company, on an account in the justice court for two hundred dollars principal, and eight dollars and eighty-eight cents interest, with a credit of seventeen dollars and seventy-five cents, leaving the amount sued for in the justice court one hundred ninety-one dollars and thirteen cents. The summons issued in the justice court showed on its face this to be the sum sued for, and judgment by default was entered for that amount. The case was appealed to the circuit court by the defendant, Hobbs, and, while the case was pending on appeal, the car involved in the account was burned. The insur-

ance on the car was in the name of Hobbs and Jones joint-
ly, and it took both indorsements to collect the insurance
check received in settlement of this loss. Hobbs would
not indorse the check unless Jones paid him seventeen
dollars and seventy-five cents, the amount paid out in
premiums, or something of that nature. Jones, regarding
this as being an amount he ought not to pay, and that he
was wrongfully coerced into paying this amount, added
this amount to his account in the circuit court, making his
account show on its face two hundred eight dollars and
thirty-eight cents, which, appearing to be in excess of the
jurisdiction of a justice of the peace court, a motion was
made to dismiss the case for want of jurisdiction. When
this motion was made counsel for the plaintiff stated in
court that that was made since the case was appealed and
was docketed in the circuit court, whereupon the court
refused to dismiss the case for want of jurisdiction.

On the trial these facts were developed, and the sole
point presented for our consideration is whether the
court erred in overruling the motion to dismiss for want
of jurisdiction, the account showing on its face, as it
stood in the circuit court, two hundred eight dollars and
thirty-eight cents.

The test of the jurisdiction of the court of a justice
of the peace is the demand as made in that court, and,
as the claim in the justice court was for less than two
hundred dollars, the justice court had jurisdiction, and
it was not permissible for the plaintiff to add to this
account sued on in the justice court other items accru-
ing since the trial of the case in the justice court. It is
true this item should have been stricken out in the cir-
cuit court, which does not appear to have been done. Nev-
ertheless, the facts were before the court, and the court
correctly ruled in refusing to dismiss for want of juris-
diction.

The judgment in the circuit court was for one hundred
ninety-one dollars and fifteen cents, which judgment is
affirmed.

*Affirmed.*