LUCEDALE COMMERCIAL CO. *v.* STRENGTH.

(Division A.   May 16, 1932.)

[141 So. 769.   No. 30015.]

O. F. Moss, of Lucedale, for appellant.

T. H. Byrd, of Lucedale, for appellee.

350

Cook, J., delivered the opinion of the court.

The appellant filed suit in the court of a justice of the peace on account for fifty-four dollars and twenty-nine cents, alleged to be due it by the appellee, and recovered a judgment for thirteen dollars and twenty-one cents, from which it appealed to the circuit court. Before the case was heard on its merits in the circuit court, the appellant filed a motion to be permitted to take a nonsuit, and an order was entered sustaining the motion and dismissing the cause without prejudice.

Thereafter the appellant instituted a new suit in the justice court on the same cause of action, and was met by a motion to dismiss the cause on the ground that the former judgment of the justice court was res adjudicata of the controversy. This motion was sustained, and, from the order dismissing the cause, the appellant again appealed to the circuit court. In the circuit court the appellee filed a special plea setting up the former proceedings and judgment as res adjudicata. To this special plea a demurrer was interposed, and the court held that "the judgment of nonsuit entered at a former term of court on a motion of the plaintiff, who was the appellant therein, was in effect a voluntary dismissal of the appeal," and overruled the demurrer. Upon the appellant declining to plead further, the cause was dismissed, and from the judgment of dismissal this appeal was prosecuted.

Section 64, Code 1930, provides how an appeal may be taken from a justice of the peace court to the circuit court, and further provides that "the appeal, when demanded and bond given, shall operate as a supersedeas of execution on such judgment."

Section 67, Code 1930, provides that, on appeal from a justice of the peace to the circuit court, the case shall be tried anew, in a summary way, without pleadings in writing. When a cause is removed to the circuit court on

appeal from a justice of the peace court, the jurisdiction acquired by the circuit court is not in any proper sense appellate. The circuit court, in such cases, has no authority to merely review and affirm or reverse the judgment of the justice of the peace, but the case must be tried anew as if it were originally instituted in the circuit court, with the single exception that written pleadings are not required. And the jurisdiction to consider such cases de novo on appeal, and decide them according to the law and the evidence, independent of the rulings and judgment of the lower court, is original and not appellate.

Under section 594, Code 1930, so providing, every plaintiff desiring to suffer a nonsuit on trial shall be barred therefrom, unless he do so before the jury retire to consider its verdict. Gulf & S. I. R. Co. v. Williams, 109 Miss. 429, 69 So. 215; Adams v. Lucedale Commercial Co., 113 Miss. 608, 74 So. 435; Payne v. Stevens, 125 Miss. 582, 88 So. 165. This court does not seem to have heretofore decided the exact question presented by this appeal; that is, whether or not, on appeal to the circuit court from a justice of the peace court, the plaintiff may suffer a nonsuit without thereby reinstating the judgment of the justice court so as to render it res adjudicata of the controversy. But, in the case of Parker v. Smith, 150 Miss. 849, 117 So. 249, 251, the language is persuasive on this point. In that case, on appeal to the circuit court, the motion of defendant to dismiss the suit on the ground that the minor defendant had not been legally summoned was sustained, and, in passing upon the question presented, the court said:

"Appellant complains that there is now a judgment of the justice of the peace court against him on the merits, and also a judgment of dismissal of the circuit court, and that, under section 2400, Hemingway's 1927 Code, the judgment of the justice of the peace court could now be pleaded as res adjudicata. This would be true but

354

for the appeal to the circuit court. The case on appeal to the circuit court stood as if it had never been tried before. It was to be tried anew. . . . The judgment of dismissal in the circuit court did not infuse new life in the judgment of the justice of the peace."

A judgment by a justice of the peace is vacated or superseded by appeal to the circuit court, subject only to revival by a dismissal of appeal, but there is not here involved a mere dismissal of the appeal. The action taken in the court below was a dismissal or voluntary nonsuit of the action itself, and, the cause being in the circuit court for trial anew as though originally brought in that court, the appellant was entitled to avail itself of the right granted to every plaintiff by section 594, Code 1930, to suffer a nonsuit of the cause, and, by so doing, the cause is taken out of court, and the judgment of the justice court vacated. 18 C. J. 1158; Mayott v. Knott. 16 Wyo. 108, 92 Pac. 240; Leonard v. Security Bldg. Co., 179 Mo. App. 480, 162 S. W. 685; Castator v. Boyes & Blandford Co., 221 Mich. 591, 192 N. W. 696; Garfield v. Mansfield Steel Corporation, 223 Mich. 694, 194 N. W. 526.

The judgment of the court below will therefore be reversed, the demurrer to the special plea sustained, and the cause remanded.

Reversed and remanded.