Frank CALHOUN et al., Appellants,

v.

CITY OF MERIDIAN, MISSISSIPPI,
Appellee.

No. 21991.

United States Court of Appeals
Fifth Circuit.

Jan. 26, 1966.

Rehearing Denied March 8, 1966.

L. H. Rosenthal, Jackson, Miss., B. J. Fieger, Detroit, Mich., Bruce Waltzer, New Orleans, La., Samuel W. Fancher, Spokane, Wash., Jack Peebles, New Orleans, La., for appellants.

Thomas K. Holyfield, Thomas Y. Minniece, Meridian, Miss., for appellee.

Before JONES and THORNBERRY, Circuit Judges, and SLOAN, Senior District Judge.

SLOAN, Senior District Judge.

This is an appeal by 25 appellants, whose cases are consolidated for the purposes of these appeals, who were arrested by city authorities in Meridian, Mississippi, on June 13, 1964, and charged with a violation of Meridian city ordinance No. 20–18.

Appellants were tried in police court of the City of Meridian on June 15, 16 and

17, 1964. No petitions to remove the cases to the United States District Court had been filed or presented for filing prior to the trial.

Each defendant, through his attorney, offered a defense in the police court.

Each of the appellants were convicted and each was fined.

Following their convictions appellants perfected an appeal to the County Court of Lauderdale County under the provisions of Mississippi Code 1942 Rec. § 1202 which provides that the charges shall be tried de novo.

Thereafter, on the 14th day of July, 1964, appellants filed removal petitions in the United States District Court for the Southern District of Mississippi, alleging jurisdiction under 28 U.S.C. §§ 1443 and 1446.

Appellants in their petition for removal stated specific facts respecting the arrests of each of the 25 persons including allegations that each of them, was, when arrested, charged in a criminal proceeding with the alleged offense of obstructing a public sidewalk in the City of Meridian in violation of § 20–18, Code of Ordinances of the City of Meridian, Mississippi.[1]

Then the petitioners alleged that they and those associated with them were negroes or white citizens who have actively identified and participated with their fellow negro and white citizens engaged in peaceful protests, demonstrations and picketing, in the conduct of voter registration campaign in the City of Meridian, Mississippi, for the sole purpose of securing to the negro citizens of Mississippi, the rights, privileges and immunities guaranteed to them under the Federal Constitution.

Petitioners further alleged that they and their associates had been acting throughout the State of Mississippi to secure equal political rights and equal economic opportunities for all citizens.

Petitioners further allege that in pursuance of this program they planned to conduct an orderly, peaceful demonstration on Saturday, June 13, 1964, in which participants would walk and display signs protesting discriminatory hiring practices, and the segregation of lunch counter facilities as practiced by three stores in Meridian, Mississippi, namely, S. R. Kress and Co., 2214 5th Street; J. J. Newberry Co., 2212 Fifth Street; and F. W. Woolworth Co., 2219 Fifth Street, and that when they attempted to carry out the said picketing they were summarily arrested, and on June 16th summarily tried and convicted. That petitioners appealed the conviction to the Lauderdale County Court, Meridian, Mississippi, where petitioners were entitled to a trial de novo.

Petitioners further allege that the arrest and prosecution of petitioners has been and is being carried on with the sole purpose and effect of harassing petitioners and punishing them for and deterring them from the exercise of their constitutionally protected rights of free speech and free assembly to protest the conditions of racial discrimination and segregation in all public aspects of life which the State of Mississippi maintains by statute ordinance, regulations, customs, usage and practice.

Petitioners point out legislation of the State of Mississippi which petitioners claim demonstrate the alleged policy of discrimination and segregation.

Petitioners seek removal of the criminal proceedings in this Court pursuant to subsection (1) of Title 28 U.S.C.A. § 1443 commonly known as the civil rights removal statute, upon the grounds that petitioners have been denied, are being denied, and cannot enforce in the

---

1. "§ 20–18. Obstructing Streets and Sidewalks generally. It shall be unlawful for any one to obstruct in any way any street, public place or sidewalk except as authorized by law, and an obstruction within the meaning of this section shall be construed to mean to so occupy the sidewalk, street or public place that the free use and enjoyment thereof by the public is, in any way interrupted or interfered with, or the free ingress or egress to or from any building fronting on any public thoroughfare is impaired."

courts of the State of Mississippi rights guaranteed and secured to them under the Federal Constitution and laws providing for the equal rights of all citizens of the United States and all persons within the jurisdiction of the United States.

The petition alleges with particularity the laws, usages and practices by which they claim their rights have been denied them.

The City of Meridian then filed in the United States District Court motions for remand on the grounds that (1) the petitions for removal were not timely filed in that they were not filed before trial, and that (2) appellants' removal petitions did not sufficiently state a removable case under 28 U.S.C. § 1443.

The United States District Court granted the motions to remand to the County Court of Lauderdale County.

The questions presented on this appeal are:

(1) Were the petitions timely filed? And (2) did the petitions for removal sufficiently state a removable case under 28 U.S.C. § 1443?

Appellants claim that the removal petitions were filed before trial within the meaning of 28 U.S.C. § 1446(c) since they were filed before appellants' trial de novo in a court of record after summary trial in a police court of no record.

The so-called appeal from the police court trial was entered under the provisions of Miss.Ann.Code (1942) Rec. 1202.[2]

This section, 1202, as construed by the courts has little resemblance to conventional appeal statutes. On the filing of the appeal, the appeal supersedes the

judgment of the justice of the peace and the case became triable in the circuit court de novo.[3]

The Supreme Court of Mississippi has held that once a defendant in a criminal case elects to take a trial de novo he is powerless to dismiss the new trial and accept the earlier verdict instead. He stands in the circuit court in "the same attitude of a defendant as he did in the court of the Justice of the Peace and as such is impotent to dismiss the case."[4]

In effect, the Supreme Court of Mississippi has held when an appeal is taken from a justice court, the judgment of the justice court is vacated.

When a cause is removed to the circuit court on appeal from a justice of the peace court, the jurisdiction acquired by the circuit court is not in any proper sense appellate. The circuit court in such cases, has no authority to merely review and affirm or reverse the judgment of the justice of the peace, but the case must be tried anew as if it were originally instituted in the circuit court, with the single exception that written pleadings are not required, and the jurisdiction to consider such cases de novo on appeal and decide them according to the law and evidence, independent of the ruling and judgment of the lower court is original and not appellate.[5]

The appellants contend that a proper construction of 28 U.S.C. § 1446(c) authorizes the filing of a petition to remove any time before trial or "final hearing".

The legislative history of 28 U.S.C. § 1446(c) reveals that prior to 1948 civil rights removal provisions pertaining to criminal prosecutions allowed the filing of a removal petition "at any time before

2. Miss. Code Ann.1942, Rec. § 1202—Appeals in Criminal Cases—Bond on Appeal, Liquor Law Violations. In all cases of conviction * * * by the mayor or police justice of a city, town or village, for the violation of an ordinance thereof, an appeal may be taken within forty (40) days from the date of such judgment of conviction to the circuit court of the county * * * On his appearance in the circuit court the case shall be tried anew and disposed of as other cases pending therein; and on default of such defendant a forfeiture shall be entered against him and his sureties. * * *

3. Ball v. State, 202 Miss. 405, 32 So.2d 195 (1947).

4. Thigpen v. State, 206 Miss. 87, 39 So.2d 768, at p. 769.

5. Lucedale Commercial Co. v. Strength, 163 Miss. 346, 347, 141 So. 769.

**212**

the trial or final hearing \* \* \*."· Revised Statute 641 Judicial Code § 31 (1911); 28 U.S.C. § 74 (1940).

Appellants insist that under these provisions removal was timely if effected subsequent to summary trial but prior to a trial de novo and in support of that contention cite In re: Duane, 261 F. 242 (D.Mass.1919). In the historical and revision notes to 28 U.S.C. § 1446(c) they said "[w]ords 'or final hearing' following the words 'before trial,' were omitted for purposes of clarity and simplification of procedure."

■ Whatever the merits of this contention, the Court does not reach this question since we here hold that under the unusual Mississippi Statute allowing appeal from police court decisions, Miss. Code 1942 Rec. § 1202, as construed by the Supreme Court of Mississippi, a petition for removal filed after appeal from the police court and before a de novo trial in a state court of record was a filing before trial within the meaning of 28 U.S.C. § 1446(c).

Rules of notice pleading applies with as much vigor to petitions for removal as they do to other pleadings.

■ Prosecutions under a municipal ordinance prohibiting obstruction of streets and sidewalks may not stand if the arrest and removal from the streets or sidewalks was based upon an intent to discriminate against the arrested persons on account of race.[6]

■ We conclude that the petitions for removal allege sufficient grounds showing a denial of the civil rights of the appellants [7] and it follows that the order of remand was in error and it must be reversed and the case remanded to the district court for further proceedings not inconsistent with this opinion.

The allegations of fact in the petition for removal must be proved, if challenged.[8]

Upon remand the trial court should give appellants an opportunity to prove the allegations in the removal petition as to the purpose for the arrests and prosecutions and in the event it is established that the arrests and prosecutions of appellants was done for racial reasons then it would become the duty of the district court to order a dismissal of the prosecutions without further proceedings.[9]

Reversed and remanded.

WARREN L. JONES, Circuit Judge, concurs in the result.

---

6. Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300.

7. Rachel v. State of Georgia, 5 Cir., 342 F. 2d 336; Peacock v. City of Greenwood, 5 Cir., 347 F.2d 679.

8. Peacock v. City of Greenwood, supra.

9. Hamm v. City of Rock Hill, supra.