**COMMONWEALTH of Pennsylvania**

**v.**

**Ronald JORDAN.**

**Crim. No. 79–198.**

United States District Court, E. D. Pennsylvania.

Sept. 14, 1979.

Suzanne McDonough, Asst. Dist. Atty., Philadelphia, Pa., for plaintiff.

Edward S. G. Dennis, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

**MEMORANDUM AND ORDER**

NEWCOMER, District Judge.

The Court is presented with a petition for removal of a criminal action pursuant to 28 U.S.C. § 1442(a)(1). The Commonwealth of Pennsylvania filed this action in state court against defendant Jordan, a United States Postal Service employee, charging him with vehicular homicide. The case was first tried in the Municipal Court of the City of Philadelphia, where the defendant was found guilty. Defendant is now before the Court of Common Pleas of Philadelphia County for trial *de novo*.

Under 28 U.S.C. § 1442(a) "[a] civil or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district

court of the United States for the district and division embracing the place wherein it is pending: (1) Any officer of the United States or agency thereof, or person acting under him, for any act under color of such office . . ."

The principal issues in this petition are (1) whether the petition itself is timely, and (2) whether a postal carrier involved in an accident while on duty qualifies as an "officer of the United States . . . act[ing] under color of such office."

█ The timeliness issue raised by the Commonwealth is easily resolved. Under 28 U.S.C. § 1446(c) a petition may be filed in a criminal case within thirty days after arraignment. The Court notes that the petition in the instant case was filed on August 28, 1979, and the defendant was arraigned on August 29, 1979.

█ The defendant's trial in Municipal Court did not constitute a waiver of his right of removal. The Fifth Circuit, under similar factual circumstances, held that " . . . a petition for removal filed after appeal from the police court but before a *de novo* trial in a state court of record *was a filing before trial within the meaning* of 28 U.S.C. § 1446(c)." *Calhoun v. City of Meridian*, 355 F.2d 209 (5th Cir. 1966).

█ The Court finds as a matter of law that Mr. Jordan was an officer of the United States acting under color of his office at the time of his accident. Mr. Jordan was on duty at the time, and his duties clearly had a "causal connection to the charged conduct". *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). Given that "[t]he federal officer removal statute is not 'narrow' or 'limited'" (*Id.*, at 406, 89 S.Ct. at 1816), and is binding on this Court, removal of this case is proper, and not a matter for the Court's discretion.