478 So.2d 313 (1985)
Gary BUSH
v.
Robert L. MULLEN, A.C. Wood, Jr., William F. Beasley, Billy R. Brown, Carl Warnock, Herman A. Schneider, Johnny Bunch, Jimmy D. Tarver and Vesser Magee, Jr.
No. 56129.
Supreme Court of Mississippi.
November 6, 1985.
*314 Eugene A. Perrier, Vance & Perrier, Vicksburg, for appellant.
Gerald Hosemann, Harper & Hosemann, Vicksburg, for appellees.
Before DAN M. LEE, SULLIVAN and ANDERSON, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Warren County, in which the appellant assigns as error the granting of the appellees' motion for summary judgment.
All of the parties to this lawsuit were, at the time of the action complained of, employees at the Waterways Experiment Station in Vicksburg, Mississippi. Gary Bush received an appointment as supervisor of the printing branch there. The appellees, who are all apparently employees in that department, protested this appointment. Their protest took the form of a petition to the Station Commander, requesting that Bush not be allowed to take the position of supervisor. Immediately after receipt of this petition, Bush was notified that his selection as supervisor of the printing shop had been cancelled.
Bush brought suit on July 21, 1983, alleging that he had suffered $50,000.00 in actual damages and $50,000.00 in punitive damages due to the petition. He claimed that the allegations in the petition were slanderous and libelous and maliciously written without due regard for the truth. The appellees answered the complaint with the affirmative defenses of truth and privilege of communications between employers and employees. After discovery was taken, both the appellant and the appellees moved for summary judgment, which was granted to the appellees.
This Court has previously recognized that a privilege exists with regard to communications between employers and employees. In Killebrew v. Jackson City Lines, 225 Miss. 84, 82 So.2d 648 (1955), a bus operator brought a suit for slander against his former employer, based on a conversation with his supervisor in which the supervisor accused the operator of taking fares. On appeal, this Court held:
The law guards jealously the right to the enjoyment of a good reputation, but public policy, good morals, the interests of society, and sound business demand that an employer, or his representative, be permitted to discuss freely with an employee, or his chosen representative, charges made against the employee affecting the latter's employment. On such occasions there is a qualified privilege, and statements made within the scope of the privilege, in good faith and without malice, are not actionable. The truth or falsity of the communication is not involved so long as there is no bad faith or malice.
225 Miss. at 91-2, 82 So.2d at 650.
This privilege asserted by the appellees is not absolute, but qualified. It is restricted both as to scope of and motivation for the communication. In Hooks v. McCall, 272 So.2d 925 (Miss. 1973), this Court held that "a qualified privilege exists between those directly interested in the same matter and in the absence of malice no cause of action lies." Id. at 927. In Benson v. Hall, 339 So.2d 570 (Miss. 1976), the Court, relying on Killebrew, held "When qualified privilege is established, statements or written communications are not actionable as slanderous or libelous absent bad faith or malice if the communications are limited to those persons who have a legitimate and direct interest in the subject matter." Id. at 573. Further, the opinion stated that "If publication is made to persons outside the circle  those not having a legitimate and direct interest in the subject matter of the communication  the protection of the privilege may not be invoked." Id. (emphasis added).
In this case, the appellant has asserted two reasons why the asserted qualified privilege could not be invoked by the appellees. First, in his complaint, he alleged that the allegations in the petition were slanderous and libelous. He repeated this allegation in his deposition. Second, the appellant stated in his deposition that he *315 had heard about the contents of the petition before it was sent to the station commander. In the affidavits filed as part of the motions for summary judgment, both Bush and his brother indicated that they were contacted by persons regarding the contents of the petition. This assertion indicates that the contents of the communication went outside the scope permissible under the guise of a qualified privilege. Furthermore, the appellant has asserted malice, which would destroy the privilege.
The issue to be resolved by the court below was whether malice or outside communication destroyed the qualified privilege asserted by the appellees. Resolution of that issue required the determination of two issues of fact: 1) Was the petition motivated by malice? and 2) Did the employees communicate its contents to those outside the permissible "circle"? Before a motion for summary judgment may be granted, the rule requires that there be no genuine issues of material fact. That requirement is not negated by the fact that both parties in this case moved for summary judgment. Brown v. Credit Center, Inc., 444 So.2d 358, 363 (Miss. 1983). On each of the material points Bush raises, he has furnished sworn affidavits, and his deposition, which make it clear to us that there are genuine factual disputes. See Rule 56(e), Miss.R.Civ.P. Our summary judgment procedure may not be used to try such issue of fact; only to determine whether there are such issues to be tried.
Because we find that the resolution of this case will require the determination of factual issues, we reverse the trial court's granting of summary judgment and remand this case to the Circuit Court of Warren County for such further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.