I. STATEMENT OF THE CASE
This slander case involves statements made by Myrtle Powers, the director of the Holmes County office of the Mississippi Department of Human Services (DHS). The appellant, Sandra Anderson Beverly, filed suit against Powers, individually, and in her official capacity. Beverly alleged that Powers maliciously and recklessly stated that Beverly had Acquired Immune Deficiency Syndrome (AIDS). The trial court granted a summary judgment in favor of Powers, individually, and in her official capacity. He held that DHS and Powers in her official capacity were protected by sovereign immunity. He also held that, because Powers acted in good *Page 808 
faith and without malice, she was protected as an individual by qualified immunity.
On appeal, Beverly raises the following issues:
A. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO THE STATE DEPARTMENT OF HUMAN SERVICES, WHERE THE STATE DID NOT PROPERLY PLEAD SOVEREIGN IMMUNITY AS AN AFFIRMATIVE DEFENSE?
B. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO MYRTLE POWERS ON THE GROUND OF QUALIFIED PRIVILEGE, WHERE THE SLANDEROUS INFORMATION HAD BEEN COMMUNICATED TO SOMEONE OTHER THAN AN EMPLOYEE OF THE STATE DEPARTMENT OF HUMAN SERVICES?
C. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO ALL DEFENDANTS ON ALL CLAIMS, INCLUDING PLAINTIFF'S CLAIM OF NEGLIGENCE?
This Court affirms the trial court's judgment with regard to DHS and Powers in her official capacity. However, because Beverly's case presents factual issues which should be submitted to the jury, this Court reverses and remands with regard to the allegations against Powers, individually.
 II. STATEMENT OF THE FACTS
In October 1989, Beverly and Powers were working at a DHS office in Holmes County. Around that time, Powers' supervisor, Joan Ellis, told her of a rumor that someone in the office had AIDS. Powers contacted Dr. Shrock, her personal physician, and asked if there was anything the office staff could do to protect themselves against AIDS. He advised her that he did not know much about AIDS, and that they should just take the usual sanitary precautions. Apparently, Charles Araujo, Powers' supervisor, had told Powers to leave the situation alone, but Powers felt that she owed a responsibility to the other employees.
Powers then told "most of the ladies in the office" that "someone in our office might have AIDS," including Beverly. Powers also admitted that she told several people that it was reported to her that Beverly had AIDS. Powers did not investigate the report, because she had "no legal right to do so," and thought an investigation would slander Beverly. She advised the office workers to take sanitary precautions. According to Powers, she was genuinely concerned about stopping the transmission of AIDS to anyone else in the office.
According to Patricia Jernigan, State DHS Director, discussions with employees concerning another employee's health were not authorized by DHS, and were outside the scope of Powers' employment. However, the record reflects that a directive had been circulated by DHS regarding precautionary measures to be used when a DHS worker had contact with a person who had AIDS. Beverly argued that the memorandum made the containment of AIDS a part of Powers' duties, thus placing Powers within the course and scope of her employment. Beverly also asserted that the gross negligence with which Powers handled this problem demonstrated malice.
 III. ANALYSIS
The standard of review with regard to a summary judgment is well-settled:
 We review de novo the record on appeal from a grant of a motion for summary judgment. In Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983), we interpreted Rule 56 and the standards that the trial courts should use in considering a motion for summary judgment. We explained that
 The trial court must review carefully all of the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light *Page 809 
most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
Northern Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss. 1995) (citations omitted).
A. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO THE STATE DEPARTMENT OF HUMAN SERVICES, WHERE DHS DID NOT PROPERLY PLEAD SOVEREIGN IMMUNITY AS AN AFFIRMATIVE DEFENSE?
Beverly contends that the trial court committed reversible error by allowing DHS to amend its answer to include the defense of sovereign immunity. The record reflects that DHS failed to plead the defense of sovereign immunity in its October 6, 1989, answer to Beverly's complaint. On March 31, 1992, DHS moved for summary judgment, and asserted sovereign immunity as a defense. Beverly objected, and, on May 19, 1992, DHS moved to supplement its pleadings to include the defense of sovereign immunity. Noting that amendments should be liberally allowed, the trial judge granted this motion.
The trial court did not commit reversible error in allowing an amendment to DHS' pleading. Under Mississippi Rule of Civil Procedure 15(a), "leave (to amend) shall be freely given when justice so requires." The Comment to Rule 15 states that "amended pleadings have been liberally permitted throughout Mississippi legal history." An amendment must "cause actual prejudice to the opposite party" in order to be denied. M.R.C.P. 15 Comment; seeRector v. Mississippi State Highway Com'n, 623 So.2d 975, 978 (Miss. 1993).
Beverly does not show how DHS' amendment caused her prejudice. This is particularly true considering that court records indicate that DHS asserted the defense of sovereign immunity in an unaddressed motion for summary judgment as early as December, 1989. Therefore, Beverly should not have been surprised or prejudiced by the fact that DHS asserted the defense of sovereign immunity.
Beverly also contends that sovereign immunity does not protect DHS against this suit. However, prior to the 1992 decision ofPresley v. Mississippi State Highway Com'n, 608 So.2d 1288
(Miss. 1992), the doctrine of sovereign immunity applied in Mississippi and was an absolute bar to any suit, in the absence of statutory authority. Morgan v. City of Ruleville,627 So.2d 275, 278 (Miss. 1993). Beverly does not cite any statutory enactments that created an exception to sovereign immunity for slander suits. As a result, the application of the doctrine of sovereign immunity protects DHS and Powers in her official capacity in this case. This Court so holds.
B. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO MYRTLE POWERS ON THE GROUND OF QUALIFIED PRIVILEGE, WHERE THE SLANDEROUS INFORMATION HAD BEEN COMMUNICATED TO SOMEONE OTHER THAN AN EMPLOYEE OF THE STATE DEPARTMENT OF HUMAN SERVICES?
Powers asserts that she is protected individually by a qualified privilege, which is based upon her employer/employee relationship with Beverly and the other co-workers in the office. Powers is protected from a slander suit if her statements about Beverly relate to "charges made against the employee affecting the latter's employment." Bush v. Mullen, 478 So.2d 313, 314 (Miss. 1985). The scope of discussion between an employer and employees is limited to "those directly interested in the same matter." Hooks v. McCall, 272 So.2d 925, 927 (Miss. 1973). The statement must be made without malice and with good faith; the plaintiff must prove actual malice, regardless of the words spoken. Bush, 478 So.2d at 314. However, there are material facts in dispute with regard to whether Powers' words were limited *Page 810 
to those directly interested in the same matter and whether Powers' words were spoken with malicious intent. Therefore, Beverly's suit against Powers, individually, was not appropriate for summary judgment.
Furthermore, Beverly asserts that Powers destroyed the privilege when she "told her personal physician, Dr. Shrock, the slanderous information about Plaintiff Beverly." However, Powers contends that she merely asked her doctor what her office could do to protect themselves from the AIDS virus. If the speaker communicates the slander outside the scope of employees who have an interest in the matter, the privilege is broken. Benson v.Hall, 339 So.2d 570, 573 (Miss. 1976). The factual dispute as to whether Powers spoke specifically about Beverly to Dr. Shrock should be resolved on remand.
C. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO ALL DEFENDANTS ON ALL CLAIMS, INCLUDING PLAINTIFF'S CLAIM OF NEGLIGENCE?
Finally, Beverly contends that the trial court did not consider the fact that Powers acted negligently by repeating this allegedly slanderous information without investigation, and thus erred by dismissing Powers' claim. Indeed, if Powers' statements were not privileged, then slander only requires a showing of negligence. See Benson, 339 So.2d at 573. Reconsideration of this issue is necessary on remand.
 IV. CONCLUSION
The State is exempt from liability for the torts of its employees, under sovereign immunity as it existed in 1989. Therefore, the trial court properly granted summary judgment in favor of DHS and Powers in her official capacity. However, there are material facts in dispute with regard to what Powers told whom and whether she did so maliciously. Therefore, the judgment of the trial court in favor of Powers, individually, is reversed and remanded for proceedings consistent with this opinion. The judgment of the lower court is affirmed with regard to DHS and Powers in her official capacity and reversed and remanded with regard to Powers, individually.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
DAN M. LEE, C.J., SULLIVAN, P.J., and PITTMAN, BANKS, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
McRAE, J., concurs in result only.