841 So.2d 192 (2003)
Lorann COLEMAN, Appellant
v.
Christopher SMITH, Grand Casinos, Inc., BL Development Corporation, and Park Place Entertainment Corporation, Appellees.
No. 2002-CA-00618-COA.
Court of Appeals of Mississippi.
April 1, 2003.
*193 Lucius Edwards, Hernando, attorney for appellant.
Sammye S. Tharp, John H. Dunbar, Oxford, Walter Alan Davis, Saltillo, attorneys for appellees.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On March 16, 1999, Lorann Coleman was arrested by security personnel at the Grand Casino in Tunica, Mississippi, her place of employment. Coleman was charged with embezzlement and, on June 21, 2000, she was exonerated in the Tunica County Justice Court. On June 20, 2001, Coleman filed a complaint in the Tunica County Circuit Court accusing Christopher Smith, Grand Casino, Inc., B.L. Development Corporation, and Park Place Entertainment Corporation ("Smith") of false and malicious arrest. On September 9, 2001, process was served on Smith. Smith filed an answer to the complaint on October 19, 2001, and a motion for summary judgment was filed on October 24, 2001, alleging that Coleman's claims were time barred by the one year statute of limitations for false arrest. On November 2, 2001, Coleman filed a motion to amend her original complaint to include as additional claims negligence in causing her arrest, negligent infliction of emotional distress, malicious prosecution, and abuse of process. After a hearing on both motions on December 13, 2001, the trial court issued a final order on February 22, 2002, granting Smith's motion for summary judgment and denying Coleman's motion to amend her complaint. Coleman appeals this ruling raising the following issues: (1) whether the trial court erred in granting Smith's motion for summary judgment, and (2) *194 whether the trial court erred in denying her motion to amend her complaint. Finding merit to both issues, we reverse and remand on the first issue and reverse and render on the second issue.

DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN GRANTING SMITH'S MOTION FOR SUMMARY JUDGMENT?
¶ 2. With her first issue, Coleman contends that the trial court should have denied Smith's motion for summary judgment. In reviewing a grant of summary judgment, this Court employs a de novo standard. If the pleadings, depositions, answers to interrogatories and admissions, together with any affidavits, show there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law and summary judgment should be entered for the movant. Boyles v. Schlumberger Technology Corp., 832 So.2d 503 (¶ 5) (Miss.2002).
¶ 3. Coleman contends that it was her intention to state a cause of action for malicious prosecution. Although the term "malicious prosecution" was not explicitly stated, the style of her complaint was taken directly from the section of the Mississippi Legal Forms book dealing with malicious prosecution, as follows:
1. On or about the ____ day of ____, 20_____, defendant, maliciously, and without probable cause therefor, cause the plaintiff to be arrested under a warrant issued by _____, a justice court judge, on a charge of (as the case may be).
2. Before the commencement of this action, this charge was judicially investigated, the prosecution ended, and the plaintiff discharged.
Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and cents.
Mississippi Legal Forms, § 4-42. Although the form is somewhat confusing since it uses the word "malicious" to describe "arrest," we cannot fault Coleman for relying on this form when we can logically infer that her intent was to allege malicious prosecution.
¶ 4. A claim for malicious prosecution falls under Miss.Code Ann. § 15-1-35 (Rev.1995), which sets out the one year statute of limitations for intentional torts. According to the Mississippi Supreme Court, a cause of action for malicious prosecution accrues on the day the criminal proceedings are terminated in the favor of the plaintiff. City of Mound Bayou v. Johnson, 562 So.2d 1212, 1217 (Miss.1990). Coleman was exonerated on June 21, 2000, and filed her complaint on June 20, 2001, just one day before her malicious prosecution claim would have expired. We find that the trial court was in error in granting Smith's motion for summary judgment and, therefore, we reverse and remand.
II. DID THE TRIAL COURT ERR IN DENYING COLEMAN'S MOTION TO AMEND HER COMPLAINT?
¶ 5. With her second issue, Coleman contends that her original complaint should be amended to include the additional claims of negligence in causing her arrest, negligent infliction of emotional distress, malicious prosecution, and abuse of process. According to the Mississippi Supreme Court, motions to amend are within the discretion of the trial court, and absent an abuse of that discretion, will not be reversed. Estes v. Starnes, 732 So.2d 251 (¶ 4) (Miss.1999). "In practice, an amendment should be denied only if the amendment would cause actual prejudice to the *195 opposite party." M.R.C.P. 15 cmts; Beverly v. Powers, 666 So.2d 806, 809 (Miss. 1995). Here, Coleman filed her motion to amend just fourteen days after Smith filed his answer and nine days after Smith filed his motion for summary judgment. This was well within the normal period for discovery and prior to the case being anywhere near ready for trial. On these facts we cannot find any actual prejudice to Smith; thus, finding that the trial court abused its discretion in denying Coleman's motion to amend her pleadings, we reverse and render.
¶ 6. THE JUDGMENT OF THE TUNICA COUNTY CIRCUIT COURT IS REVERSED AND REMANDED IN PART AND REVERSED AND RENDERED IN PART. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.