988 So.2d 407 (2008)
Jake STATHAM, Appellant
v.
Eric MILLER, Appellee.
No. 2007-CA-00728-COA.
Court of Appeals of Mississippi.
July 22, 2008.
*408 Charles T. Yoste, Starkville, for appellant.
Kevin Dale Camp, Jackson, for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Jake Statham appeals the order of the Circuit Court of Oktibbeha County that dismissed Eric Miller's appeal of a justice court judgment entered against Miller. We find reversible error and remand for further proceedings.

FACTS
¶ 2. Statham filed suit against Miller in the Oktibbeha County Justice Court. Statham's complaint alleged a claim for assault and battery and demanded damages in the amount of $2,500 and all costs. On February 9, 2005, the justice court entered a judgment against Miller in the amount of $2,500 plus the court costs of $54, for a total judgment in the amount of $2,554.
¶ 3. On February 18, 2005, Miller filed a notice of appeal to the circuit court. At the bottom of the notice, the name "Jake Statham" appeared over the signature of Miller's attorney of record in the case. On February 24, 2005, an amended notice of appeal was filed, substituting the name "Eric Miller" for the name "Jake Statham."
¶ 4. The circuit court set a pretrial conference for April 17, 2006. On April 11, *409 2006, Statham filed a motion to amend ad damnum clause. The motion to amend asked to increase his damage demand in excess of $10,000 and requested that he be allowed to include claims for punitive damages and attorney's fees.
¶ 5. The record is silent until June 9, 2006, when the circuit court entered an order that dismissed Miller's appeal and reinstated the case on the justice court's docket. This order provided neither a reason for the dismissal nor a rule of procedure under which the case was dismissed. In the order, the circuit judge ruled as follows:
THIS DAY, this cause came on to be heard on the motion of the defendant requesting this Court to dismiss the appeal filed herein, and to remand this case to the docket of the Justice Court of Oktibbeha County, Mississippi.
IT IS THEREFORE, ORDERED AND ADJUDGED that the appeal herein be and the same is hereby dismissed and said cause be remanded for reinstatement on the docket of the Justice Court of Oktibbeha County, Mississippi.
IT IS, FURTHER ORDERED AND ADJUDGED that all costs herein are hereby taxed to the Defendant,
IT IS, FURTHER ORDERED AND ADJUDGED that the cash bond deposited by the Defendant with the Circuit Court will be used to satisfy the Judgment of the Justice Court.
¶ 6. No motion to dismiss was filed or contained in the record. In addition, there is neither a notice of hearing for the matter to be considered nor a transcript of a hearing or other proceeding where the circuit court heard argument or considered this action. The order does not indicate that it was an action taken sua sponte.
¶ 7. Thereafter, on June 21, 2006, Statham filed a motion for relief from the judgment. Statham argued: (1) that there had been no motion pending to dismiss the appeal; (2) that Statham's attorney was not presented with any motion or any correspondence concerning the order that dismissed his appeal; (3) that the circuit court had not ruled on his motion to amend ad damnum clause to increase damages; (4) that the dismissal was not in accordance with Mississippi Rule of Civil Procedure 41; and (5) that Mississippi law did not provide for dismissal and reinstatement because, once appealed from the justice court, the circuit court has original jurisdiction in the matter.
¶ 8. On April 17, 2007, the circuit court entered an order denying Statham's motion for relief from judgment. The order held:
The Court finds that the Plaintiff has presented no new evidence to cause the Court to reinstate this appeal to the Court's active docket. Furthermore, upon additional review of this file, the Court finds that the notice of appeal in this matter was incorrectly filed originally, mistakenly citing the party for whom the appeal was being sought. Therefore, the Court finds that pursuant to Rule 12.02(a) of the Mississippi Uniform Circuit and County Court Rules [sic], this appeal should be dismissed with prejudice and with costs.
¶ 9. Aggrieved by this order, Statham timely filed a notice of appeal. On appeal, Statham argues that the circuit court abused its discretion in dismissing the appeal and denied him due process by dismissing Miller's appeal without a motion and without notice.

DISCUSSION
¶ 10. The trial of cases appealed from justice court to circuit court is governed in part by Mississippi Code Annotated section 11-51-91 (Rev.2002), which states that *410 "the case shall be tried anew, in a summary way, without pleadings in writing...."
¶ 11. Our appellate courts have interpreted section 11-51-91 to provide that appeals from justice court to circuit court are to proceed by trial de novo. See, e.g., Franklin Collection Serv. v. Stewart, 863 So.2d 925, 929(¶ 10) (Miss.2003); Walker v. Benz, 914 So.2d 1262, 1267(15) (Miss.Ct. App.2005) (citation omitted)); see also URCCC 5.01 ("Direct appeals from justice court and municipal court shall be by trial de novo."). The appeal proceeds in the circuit court "as if a complaint and answer had been filed...." URCCC 5.07. Further, the proceedings on appeal to the circuit court are "governed by the Mississippi Rules of Civil Procedure, where applicable...." Id.
¶ 12. Statham argues that the circuit judge abused his discretion in dismissing the appeal. Statham is indeed correct that dismissals of civil actions are governed by Rule 41 of the Mississippi Rules of Civil Procedure. Statham argues that the circuit court's order of dismissal was not in accordance with Rule 41. Further, Statham contends that the circuit court erred in dismissing the appeal under Uniform Rule of Circuit and County Court 12.02, which is limited in its application to criminal proceedings. Finally, Statham argues that the circuit court should have heard his motion to amend ad damnum clause. We agree.
¶ 13. First, Mississippi Rule of Civil Procedure 41 governs the "Dismissal of Actions." The order of dismissal states that the matter came on the "motion of the defendant requesting this Court to dismiss the appeal filed herein." The clerk's docket entry does not indicate that a written motion to dismiss was filed. There is no transcript of a proceeding that would indicate that an oral motion was presented to the court. Accordingly, there appears to be no basis under Rule 41 for the circuit court to have dismissed this action.
¶ 14. Second, the circuit court's order dated April 17, 2007, provides that the order is dismissed under "Rule 12.02(a) of the Mississippi Uniform Circuit and County Court Rules [sic]...." However, Rule 6.01 of the Uniform Rules of Circuit and County Court clearly provides "Rule Series 6 through 12 are applicable only to criminal proceedings." Thus, Rule 12.02 has no bearing on a civil appeal.
¶ 15. Finally, we consider the general law affecting an appeal from justice court. An appeal from a judgment in justice or municipal court is taken to the circuit court or to the county court, if the county has one. Once the appeal is perfected, the circuit court has original jurisdiction over the case.
¶ 16. In Lucedale Commercial Co. v. Strength, 163 Miss. 346, 352-53, 141 So. 769, 769 (1932), the Mississippi Supreme Court held:
When a cause is removed to the circuit court on appeal from a justice of the peace court, the jurisdiction acquired by the circuit court is not in any proper sense appellate. The circuit court, in such cases, has no authority to merely review and affirm or reverse the judgment of the justice of the peace, but the case must be tried anew as if it were originally instituted in the circuit court, with the single exception that written pleadings are not required. And the jurisdiction to consider such cases de novo on appeal, and, decide them according to the law and the evidence, independent of the rulings and judgment of the lower court, is original and not appellate.
(Emphasis added).
¶ 17. As soon as Miller filed a notice of appeal and jurisdiction vested in *411 the Circuit Court of Oktibbeha County, the case was to proceed to trial de novo in the circuit court. Recognizing that the circuit court has original jurisdiction, and the case is to be judged anew, Miller can only argue that the circuit court should cap the damages at the justice court's jurisdictional limits. While we find that this argument is misguided, we recognize that there is authority for this principle.
¶ 18. Professor Jeffrey Jackson, in his treatise on Mississippi Rules of Civil Procedure, provides the following discussion on an appeal from a judgment in justice court:
The appeal is by trial de novo and it proceeds as if a complaint and answer had been filed. The circuit court can require supplemental pleadings to clarify the issues. Proceedings are governed by the civil rules. The plaintiff has the privilege of seeking a larger judgment so long as it does not exceed the justice court jurisdictional amount.
Jeffrey Jackson, Mississippi Civil Procedure, vol. 2. § 17:2, p. 17-25 (2007).
¶ 19. We agree with the legal principle Professor Jackson states in the first two sentences, but we reject the principle stated in the final sentence. This statement in the final sentence is based on the decision in Hobbs Auto Co. v. Jones, 140 Miss. 610, 105 So. 764 (1925). In Hobbs, the supreme court held that on appeal it was not permissible to increase the amount sued for above the justice court's jurisdiction. Id. at 614, 105 So. at 765. Hobbs was decided in 1925. Approximately seven years later, in 1932, the supreme court decided Strength, where the court held that "the case must be tried anew as if it were originally instituted in the circuit court, with the single exception that written pleadings are not required." Strength, 163 Miss. at 353, 141 So. at 769. In addition, on January 1, 1982, the supreme court ordered that the Mississippi Rules of Civil Procedure be put in effect and they "govern procedure in circuit courts ... in all suits of a civil nature...." M.R.C.P. 1.
¶ 20. The Rules of Civil Procedure do not apply in justice court. Mississippi Comm'n on Judicial Performance v. Peyton, 812 So.2d 204, 206(¶ 5) (Miss. 2002). However, when Miller appealed from the justice court to the circuit court, the circuit court gained original jurisdiction, not appellate jurisdiction, and should therefore follow the Mississippi Rules of Civil Procedure. Under Rule 15, Statham should have been allowed to amend his pleadings.
¶ 21. Under Rule 15, an amendment should only be denied if the amendment would cause actual prejudice to the opposing party. Beverly v. Powers, 666 So.2d 806, 809 (Miss.1995); Coleman v. Smith, 841 So.2d 192, 194-95(¶ 5) (Miss.Ct. App.2003). Miller would suffer no prejudice here if Statham were to amend his pleadings, especially since it was Miller who chose to appeal to the circuit court and invoke the original jurisdiction of the circuit court.
¶ 22. Miller argues that Statham may not increase the amount of damages because that would defeat the justice court's jurisdictional limit of $2,500, which is the ceiling amount on civil claims in Mississippi justice courts. Miss.Code Ann. § 9-11-9 (Rev.2002).
¶ 23. This argument fails. When Miller appealed to the circuit court, the circuit court gained original jurisdiction and the case was to be tried de novo, which means that the case will be tried anew. Strength, 163 Miss. at 353, 141 So. at 769. Since the circuit court has original jurisdiction, the Mississippi Rules of Civil Procedure must be followed. We find that the circuit court failed to follow these rules. Under Rule *412 15, Statham should have been granted an opportunity to amend his pleadings. The case should then be decided based on the jurisdiction of the circuit court and not the jurisdiction of the justice court.
¶ 24. Accordingly, we reverse the circuit court's order of dismissal and remand this case to the Circuit Court of Oktibbeha County for further proceedings consistent with this opinion.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE APPEAL IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. CARLTON, J., NOT PARTICIPATING.