IRVING, P.J., for the Court:
¶ 1. On April 15, 2005, the Oktibbeha County Justice Court found Bart Ude guilty of “stalking on the telephone.” Ude received a suspended six-month sentence, pending two years of good behavior, and a $500 fine. Ude appealed to the Oktibbeha County Circuit Court and requested a jury trial, which the court denied. The circuit court proceeded with a trial de novo via bench trial and found Ude guilty of stalking. Ude appealed his conviction to the Mississippi Supreme Court, which assigned the case to this Court. We reversed the circuit court’s judgment and remanded the case for a jury trial. Ude v. State, 992 So.2d 1213, 1220 (¶ 26) (Miss.Ct.App.2008). On remand, the circuit court, rather than conduct a jury trial as ordered by this Court, issued a writ of procedendo, dismissing Ude’s case and directing the justice court to enforce its judgment.
¶ 2. Ude raises numerous issues on appeal, which we have consolidated into three issues for brevity and clarity. We will consider whether: (1) the circuit court erred in issuing the writ of procedendo; (2) double jeopardy prohibited the circuit court from holding a trial on January 25, 2010; and (3) the circuit court erred when it failed to inform Ude that he had a right to have counsel appointed for him.
¶ 3. We hold that the circuit court erred in issuing the writ of procedendo. Accordingly, we reverse the order of the circuit court granting the writ of procedendo and again remand this case for a jury trial. As the issues of double jeopardy and the right to court-appointed counsel may resurface on remand, we will briefly address them.
FACTS
¶ 4. Following this Court’s remand in Ude’s initial appeal, the circuit court set *893 the ease for retrial on the first day of the January 2009 term. Ude moved for a continuance to obtain legal representation. The court granted the motion and set Ude’s trial for the first day of the April 2009 term. At Ude’s request, the circuit court continued the case two additional times between April 2009 and January 2010. Each continuance was intended to allow Ude an opportunity to retain counsel. The State insists that, following the last continuance, the circuit court told Ude that his case would be heard in January 2010 even if he had not obtained counsel.
¶ 5. When the circuit court called the case for trial on January 25, 2010, Ude was not present. Ude’s name was called three times in open court, but there was no response. The State requested a writ of procedendo, which the circuit court granted.
¶ 6. Additional facts, as necessary, will be discussed during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Writ of Procedendo

¶ 7. Ude contends that double jeopardy and the mandate rule prohibited the issuance of the writ of procedendo. According to the mandate rule, also known as the law-of-the-case doctrine, “a mandate issued by [a superior court] ‘is binding on the trial court on remand....’” Pub. Employees’ Ret. Sys. v. Freeman, 868 So.2d 327, 330 (¶ 10) (Miss.2004) (quoting Moeller v. Am. Guar. & Liab. Ins. Co., 812 So.2d 953,.960 (¶22) (Miss.2002)). When Ude first appealed the circuit court’s judgment, this Court reversed and remanded the case for a jury trial. Thus, the circuit court was bound by this Court’s directive on remand and erred in issuing the writ of procedendo.
¶ 8. “A writ of procedendo is issued by a court of superior jurisdiction to a court of inferior jurisdiction to enforce the lower court’s judgment.” Ferrell v. State, 785 So.2d 317, 319 (¶ 7) (Miss.Ct.App.2001) (citing Pool v. State, 176 Miss. 514, 515, 169 So. 886, 887 (1936)). In this case, there was no standing judgment to which a writ of procedendo would apply. Once Ude appealed the justice court’s judgment to the circuit court, he was entitled to a trial de novo and “the case [was to] be tried anew[,] as if it were originally instituted in the circuit court....” Statham v. Miller, 988 So.2d 407, 410 (¶ 16) (Miss.Ct.App.2008) (quoting Lucedale Commercial Co. v. Strength, 163 Miss. 346, 352-53, 141 So. 769, 769 (1932)). Thus, by ■virtue of Ude’s appeal to the circuit court, the justice court’s judgment was vacated. Additionally, once Ude appealed the circuit court’s judgment and obtained a reversal from this Court, the circuit court’s judgment was no longer valid. Therefore, there was no judgment to which the writ could apply.[1]

2. Double Jeopardy

¶ 9. Ude argues that double jeopardy prohibited the circuit court from holding a trial on January 25, 2010. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article 3, Section 22 of the Mississippi Constitution protect against “a second prosecution for the same offense” after conviction or acquittal and against “multiple punishments for the same offense.” Foreman v. State, 51 So.3d 957, 960 (¶ 8) (Miss.2011) (quoting Graves v. State, 969 So.2d 845, 847 (¶ 7) (Miss.2007)). *894 However, “[w]hen a criminal defendant successfully obtains a reversal and remand of the [circuit] court’s judgment, [granting] a new trial does not amount to double jeopardy.” Ward v. State, 914 So.2d 332, 336 (¶ 11) (Miss.Ct.App.2005) (citing Hester v. State, 749 So.2d 1221, 1224 (¶ 14) (Miss.Ct.App.1999)). We should point out that, contrary to Ude’s assertion, the circuit court did not hold a trial on January 25, 2010; instead, the court erroneously issued a writ of procedendo. Even if the circuit court had held a trial on January 25, 2010, a new trial on remand would not have constituted a double-jeopardy violation because Ude had successfully obtained a reversal of the circuit court’s judgment.

3. Right to Counsel

¶ 10. Ude argues that he should have been informed of his right to have counsel appointed for him. The United States Supreme Court has held that state-appointed counsel must be offered to indigent defendants in all criminal cases in which imprisonment is ordered. Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). But exposure of an indigent criminal defendant to potential imprisonment does not warrant the appointment of counsel at public expense. Scott v. Illinois, 440 U.S. 367, 373, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Additionally, Mississippi Code Annotated section 99-15-15 (Rev.2011) states that “when any person shall be charged with a ... misdemeanor punishable by confinement for ninety days or more ... the court ... being satisfied that such person is an indigent person and is unable to employ counsel, may ... appoint counsel to defend him.” (emphasis added). This statute does not, however, require that counsel be appointed.
¶ 11. There is no evidence in the record that Ude was indigent on January 25, 2010.[2] Ude never stated that he could not afford to retain an attorney. In fact, Ude repeatedly told the circuit court that he was actively seeking counsel to represent him and even stated on two occasions that he had retained counsel. Thus, the circuit court did not err in failing to sua sponte advise Ude of his right to court-appointed counsel. However, because Ude has since been declared indigent, the circuit court, on remand, shall appoint counsel to represent him if it finds that Ude remains indigent and determines that in the event of conviction, Ude likely will be sentenced to serve a period of incarceration. In this regard, we note that the crime of stalking carries a penalty of either imprisonment or fine, or both.[3]
¶ 12. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
*895 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ„ CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The proper remedy for Ude’s absence, perhaps, would have been to try Ude in absentia on the charges. See Blanchard v. State, 55 So.3d 1074, 1077-78 (¶ 17) (Miss.2011).

. Ude requested and received in forma pau-peris (IFP) status after perfecting this appeal.

. Mississippi Code Annotated section 97-3-107 (Rev.2010) provides in pertinent part:
(1)(a) Any person who purposefully engages in a course of conduct directed at a specific person, or who makes a credible threat, and who knows or should know that the conduct would cause a reasonable person to fear for his or her own safety, to fear for the safety of another person, or to fear damage or destruction of his or her property, is guilty of the crime of stalking.
(b) A person who is convicted of the crime of stalking under this section shall be punished by imprisonment in the county jail for not more than one (1) year or by a fine of not more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.