# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00424-COA

**WILLIE B. TAYLOR A/K/A WILLIE TAYLOR**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                        APPELLEE

DATE OF JUDGMENT:           10/01/2013
TRIAL JUDGE:                HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:  MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     DARLA Y. MANNERY-PALMER
ATTORNEY FOR APPELLEE:      OFFICE OF ATTORNEY GENERAL
                            BY: LISA L. BLOUNT
DISTRICT ATTORNEY:          MICHAEL GUEST
NATURE OF THE CASE:         CRIMINAL - FELONY
TRIAL COURT DISPOSITION:    CONVICTED OF RECEIVING STOLEN
                            PROPERTY AND SENTENCED AS A
                            HABITUAL OFFENDER TO TEN YEARS IN
                            THE CUSTODY OF THE MISSISSIPPI
                            DEPARTMENT OF CORRECTIONS
                            WITHOUT THE POSSIBILITY OF PAROLE
                            OR PROBATION AND TO PAY A $10,000
                            FINE
DISPOSITION:                 AFFIRMED – 11/17/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, C.J., BARNES AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.    Willie B. Taylor was convicted of receiving stolen property, in the Circuit Court of

Madison County, Mississippi.  Taylor subsequently filed a motion for a new trial, or in the

alternative, a judgment notwithstanding the verdict (JNOV).  The trial court denied this

motion.  On appeal, Taylor raises the following issues: (1) whether the trial court committed

reversible error in allowing the State of Mississippi to admit into evidence Exhibit 5, and (2) whether the trial court erred in failing to grant Taylor's motion for a new trial or JNOV. Finding the issues raised are without merit, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On October 19, 2012, Jimmy Mann contacted local authorities in Kosciusko, Mississippi, and reported his 2006 Ford F-250 pickup as stolen. The Kosciusko Police Department conducted an investigation, took Mann's statement, and listed the truck stolen in the National Crime Information Center index.

¶3. A little over three months later, Madison County Deputy Lee Brock stopped Taylor, who was driving the F-250, and detained him for being in a stolen vehicle. Taylor did not stop immediately when Deputy Brock initiated the traffic stop. Deputy Brock followed Taylor for about a mile with his lights and siren on before Taylor pulled over. Investigator Mike McGowan with the Mississippi Agricultural Theft Bureau processed the F-250 and took photos of the vehicle. The vehicle identification number (VIN) on all four side windows of the F-250 reflected the true VIN. But the VIN on the doors and windshield had been altered. Investigator McGowan also found several items belonging to Taylor in the truck after the F-250 was inventoried. Among those items was an application for title. The title listed Tommy Rice Motors as the seller of the F-250. The title also listed Bill White as the authorized agent, or seller, but no one by that name was an employee at Tommy Rice Motors.

¶4. On March 5, 2013, following the investigation led by Investigator McGowan, a grand

2

jury indicted Taylor on one count of receiving stolen property and one count of altering vehicle identification.

¶5.     During the jury trial and redirect examination of Mann, the State sought to have a photograph displaying damage to the F-250 admitted into evidence. Taylor objected to admission of this photograph, asserting that this went beyond the scope of cross-examination. The trial court sustained the objection and held that it was beyond the scope of cross-examination. The trial court, nevertheless, allowed the photo to be marked and admitted as State Exhibit 5.

¶6.     The jury found Taylor guilty of receiving stolen property and not guilty of altering vehicle identification. The trial court sentenced Taylor to ten years in the custody of the Mississippi Department of Corrections. On October 11, 2013, Taylor filed a motion for a new trial or, in the alternative, a JNOV, challenging the weight and sufficiency of evidence. The trial court's denial of that motion led to this appeal.

**STANDARD OF REVIEW**

¶7.     This Court must utilize a separate standard of review for each of the issues raised by Taylor. First, the Mississippi Supreme Court has held that "[a]dmission or exclusion of evidence will be [re]viewed on an abuse of discretion standard." *Hargett v. State*, 62 So. 3d 950, 952 (¶7) (Miss. 2011). Second, while confused for some time, it is clear that two distinct standards of review should be applied when reviewing denials of motions for a new trial and JNOV. "The standard for a JNOV is . . . whether the evidence was sufficient to

3

warrant the guilty verdict and whether fair-minded jurors could have arrived at the same verdict." *Shelby v. State*, 812 So. 2d 1144, 1146 (¶4) (Miss. Ct. App. 2002). The denial of a motion for a new trial, on the other hand, will be reversed only when a verdict is so "contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Pritchett v. State*, 134 So. 3d 857, 859 (¶5) (Miss. Ct. App. 2014). Taylor raises two issues on appeal, which we will address in our discussion.

**DISCUSSION**

I.   **Whether the trial court erred in admitting into evidence State Exhibit 5.**

¶8.    "[A] trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse this ruling." *Hargett*, 62 So. 3d at 952-53 (¶7). Taylor submits that the trial judge's decision to admit Exhibit 5, after sustaining Taylor's objection to the admission of the photograph, is reversible error. Taylor contends that Exhibit 5 bolstered Mann's testimony and was prejudicial to his case.

¶9.    We agree with Taylor that the trial judge erred in determining that the picture was admissible after sustaining Taylor's objection. The trial judge sustained the objection but held that the picture had already been shown and published and, thus, would be admitted. But the record before the Court is devoid of these facts. The record shows that several photos of the F-250 were admitted into evidence as separate exhibits. Each exhibit depicted something different on the F-250. Exhibit 5, in particular, depicted the damage on the door

4

of the F-250 that Mann testified about. The record does not indicate that the photograph, which was admitted as State Exhibit 5, had ever been admitted or published to the jury before the trial judge sustained Taylor's objection. Nevertheless, we find that, under the facts of this case, the error was harmless.

¶10. "To warrant reversal on an issue, a party must show both error and a resulting injury. An error is only grounds for reversal if it affects the final result of the case." *Weems v. State*, 63 So. 3d 579, 586 (¶25) (Miss. Ct. App. 2010). The State, here, elicited testimony from two witnesses at trial in regard to the damage pictured in Exhibit 5. Mann testified that there was no damage to the door before the F-250 was stolen. Investigator McGowan testified that there was damage on the door when he inspected the exterior of the truck. Investigator McGowan, in fact, testified that the damage to the door on the driver side of the truck was the result of someone attempting to gain entry. Investigator McGowan also testified that he had seen damage of a similar nature on other trucks that were broken into and stolen. Since the jury heard testimony from Mann and Investigator McGowan in regard to the damage depicted in the photograph, the photograph itself did not affect the final result of the case.

¶11. We find that the trial judge's admission of Exhibit 5 was harmless error, and this issue is without merit.

> **II. Whether the trial court erred by denying Taylor's motion for a new trial, or in the alternative, a JNOV.**

¶12. Taylor argues that the trial court should have granted his motion for a new trial or in the alternative, a JNOV because the weight of the evidence was overwhelmingly against the

verdict. Taylor incorrectly applied one standard of review for both of these claims. Nevertheless, we will apply the appropriate standard of review for each claim, and we address these claims separately.

### A. Sufficiency of Evidence

¶13. Taylor first argues that the trial court erred in denying his motion for a JNOV because the State failed to prove one element of possession of stolen property: guilty knowledge.

¶14. This Court views "the evidence in the light most favorable to the prosecution and determine[s] whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Madden v. State*, 42 So. 3d 566, 569 (¶8) (Miss. Ct. App. 2010) (quoting *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005)). A conviction will be reversed only if we find the evidence, so considered, points so overwhelmingly in favor of the defendant that reasonable jurors could not have found beyond a reasonable doubt that the defendant was guilty, and "an acquittal was the only proper verdict for the defendant." *Id*.

¶15. A person is guilty of the crime of possession of stolen property if he "intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen . . . ." Miss. Code Ann. § 97-17-70 (Rev. 2014). Further, "guilty knowledge is the gist of the crime of receiving stolen property." *Van v. State*, 477 So. 2d 1350, 1351 (Miss. 1985). The State must prove that Taylor received the property under circumstances that would lead a reasonable person to

6

believe that it was stolen. *Long v. State*, 933 So. 2d 1056, 1058 (¶6) (Miss. Ct. App. 2006). Here, even assuming that the photograph, Exhibit 5, had not been admitted, the jury was still left with Investigator McGowan's and Mann's testimonies describing the damage shown in that photograph. The jury also heard about the altered VIN, the fake title, and Taylor's flight when Deputy Brock attempted to stop Taylor. There is sufficient evidence on the element of guilty knowledge. Thus, we do not find that a reasonable jury could have only found Taylor not guilty; accordingly, we find no error in the trial judge's denial of the motion for a JNOV.

### B. Weight of Evidence

¶16. Taylor also argues that the trial judge erred by denying his motion for a new trial because the guilty verdict was against the overwhelming weight of evidence. This Court weighs the evidence in the light most favorable to the verdict. *Boyd v. State*, 90 So. 3d 652, 654 (¶7) (Miss. Ct. App. 2012). Additionally, we accept as true all evidence in favor of the State, and we reverse only if the trial judge abused his discretion. *Price v. State*, 892 So. 2d 294, 297 (¶11) (Miss. Ct. App. 2004).

¶17. As stated above, two witnesses testified on the State's behalf about the F-250 being damaged after it was stolen. Investigator McGowan specifically testified that the damage on the truck door was similar to what he had seen on other stolen trucks. Deputy Brock also testified about Taylor's one-mile flight after Deputy Brock initiated a traffic stop. The jury also heard testimony about the altered VIN and fake title that were among Taylor's other

documents found in the truck.

¶18. Viewed in the light most favorable to the verdict, we cannot say that the overwhelming weight of evidence was against the jury's decision to find Taylor guilty of possession of stolen property. Accordingly, we find that the trial court did not abuse its discretion in denying a new trial.

## CONCLUSION

¶19. We have found Taylor's assignments of error to be without merit. We, therefore, affirm the trial court's judgment of conviction and sentence.

¶20. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF RECEIVING STOLEN PROPERTY AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION AND TO PAY A $10,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**