# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00784-COA

ADRIAN CROWELL                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                      APPELLEE

DATE OF JUDGMENT:            04/17/2014
TRIAL JUDGE:                 HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT, FIRST
                             JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: MOLLIE MARIE MCMILLIN
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: ALICIA MARIE AINSWORTH
DISTRICT ATTORNEY:           ROBERT SHULER SMITH
NATURE OF THE CASE:          CRIMINAL - FELONY
TRIAL COURT DISPOSITION:     CONVICTED OF AIDING AND ABETTING
                             A SHOOTING INTO A VEHICLE AND
                             SENTENCED TO FIVE YEARS IN THE
                             CUSTODY OF THE MISSISSIPPI
                             DEPARTMENT OF CORRECTIONS
DISPOSITION:                 AFFIRMED - 06/14/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., JAMES AND GREENLEE, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.    On March 21, 2013, Adrian Crowell was indicted on one count of aiding and abetting

a shooting into a vehicle in violation Mississippi Code Annotated section 97-25-47 (Rev.

2014), and one count of conspiracy to shoot into a vehicle.  Following a trial on March 10-

11, 2014, the jury found Crowell not guilty of conspiracy.  However, the jury found Crowell

guilty of aiding and abetting the shooting into a vehicle, and the trial court sentenced Crowell

to five years in the custody of the Mississippi Department of Corrections (MDOC). Crowell appeals arguing that the trial court erred by not granting his motion for a new trial or, alternatively, for a judgment notwithstanding the verdict (JNOV). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Julious Graves owns a trucking company in Hinds County, Mississippi. On November 29, 2012, a bucket fell off one of Graves's company trucks and struck Crowell's car. Crowell called Graves, and informed him that the bucket had damaged his car. Crowell and Graves agreed to meet so that Graves could assess the damage. That evening, Crowell and Graves met at the Appleridge Shopping Center in Jackson.

¶3. Initially, Graves could not determine whether Crowell's car had been struck by the bucket. Graves asked Crowell for an estimate so that he could provide it to his insurance company. Although Crowell would not provide a written estimate, he told Graves that he had gone to Capitol Body Shop, where he received a verbal estimate of $1,200. Around this time, Crowell's mother called Crowell, and Graves spoke to her. She told Graves to give Crowell cash for the damage. Graves refused to give Crowell any money until he received a written estimate. Graves offered to go to Capitol Body Shop to get the estimate, but Crowell refused and became angry. Graves testified that the situation then "escalated," and Crowell started talking loudly.

2

¶4.     Crowell called out to the passenger in his car: "Man, get on out this car. Let's show this motherf***** we mean business." Graves had not noticed a passenger was in the car until then. An unidentified man complied and stepped out of the car with his hands in his pockets. Graves believed he was armed. The unidentified passenger told Graves, "Man, I ain't got nothing to do with this," and Graves started to feel uncomfortable. Crowell continued talking and turned his back to Graves. Graves felt uneasy and dove into his truck. Crowell then told the unidentified man, "Man, handle it, handle it." The unidentified man then shot into Graves's truck, hitting it four times. One bullet went through the cab of the truck.

¶5.     Graves immediately drove to the police station to file a report. The Jackson Police Department (JPD) investigators observed shattered glass and four gunshot impact sites on Graves's truck. At the shopping center, investigators discovered shattered glass and four spent nine-millimeter shell casings, all within an eight-to-ten-foot radius.

¶6.     Graves identified Crowell out of a photographic lineup, and provided a written statement. On February 1, 2013, Crowell was arrested. Crowell waived his *Miranda*[1] rights and was interviewed by investigators. An audio recording of the interview was played for the jury at trial. During the interview, Crowell denied that he had a passenger in his car at the time of the shooting. However, after the interview, Crowell admitted to investigators that there was a passenger in his car. Crowell identified the passenger as "Black."

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶7. Following the trial, the jury found Crowell not guilty of conspiracy to shoot into a vehicle, but found Crowell guilty of aiding and abetting the shooting into a vehicle. Crowell was sentenced to five years in the custody of MDOC. Graves filed a motion for a new trial or, alternatively, a JNOV. The trial court denied the motion.

¶8. Crowell appeals arguing that the circuit court erred by denying his motion for a new trial or, alternatively, for a JNOV because there was insufficient evidence to support the jury's verdict, and the jury's verdict was against the overwhelming weight of the evidence.

**STANDARD OF REVIEW**

¶9. Two distinct standards of review are applied when reviewing denials of motions for a new trial and for a JNOV. *Taylor v. State*, 179 So. 3d 1237, 1240 (¶7) (Miss. Ct. App. 2015). The standard for a JNOV is whether the evidence was sufficient to warrant the guilty verdict and whether fair-minded jurors could have arrived at the same verdict. *Id*. However, the denial of a motion for a new trial will be reversed only when a verdict is so "contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Id*.

**DISCUSSION**

¶10. Crowell's indictment charged that Crowell, "acting in concert with and/or aiding, abetting, assisting or encouraging another or others, did wilfully, unlawfully and feloniously shoot a firearm, to wit: handgun[,] at or into a motor vehicle, to wit: 1992 white Chevy 3500 pick[-]up truck, the property of Julius Graves . . . in violation of [s]ection 97-25-47[.]" The

4

jury returned a verdict finding Crowell guilty of aiding and abetting the shooting into a vehicle in violation of section 97-25-47.

¶11. "One who aids and abets another in the commission of a crime is guilty as a principal." *Hughes v. State*, 983 So. 2d 270, 284 (¶14) (Miss. 2008). "To aid and abet the commission of a felony, one must do something that will incite, encourage, or assist the actual perpetrator in the commission of the crime or participate in the design of the felony." *Id*. "Mere presence, even with the intent of assisting in the crime, is insufficient unless the intention to assist was in some way communicated to the principal." *Id*.

¶12. Crowell argues that there was insufficient evidence to support the verdict and that the verdict was against the overwhelming weight of the evidence. Crowell contends that there was no evidence that he participated in the shooting or that he encouraged his passenger to shoot into Graves's truck. Crowell also contends that his mere presence at the scene and his statements to his passenger cannot be construed as aiding and abetting the shooting.

**I.     Sufficiency of the Evidence**

¶13. A motion for a JNOV tests the sufficiency of the evidence. *Grossley v. State*, 127 So. 3d 1143, 1147 (¶10) (Miss. Ct. App. 2013). "When addressing the legal sufficiency of evidence, we consider all evidence in the light most favorable to the State." *Id*. (citing *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005)). Furthermore, the State is given the benefit of all favorable inferences reasonably drawn from the evidence. *Id*. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any

5

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (citing *Bush*, 895 So. 2d at 843 (¶16)).

¶14. The facts established at trial showed that Crowell instructed the passenger to get out of his vehicle when the disagreement had escalated. Crowell told the passenger to show Graves that they "mean[t] business." Then Crowell told the passenger to "handle it, handle it." In response, the passenger shot into Graves's truck after he dove into the driver's seat. Any juror could have made a reasonable inference that Crowell incited, encouraged, or assisted the passenger to shoot into Graves's truck by saying, "Let's show this mother fu**** we mean business," and then telling the passenger to "handle it, handle it."

¶15. Viewing the evidence in the light most favorable to the State, we find that there was sufficient evidence for a reasonable jury to find Crowell guilty of aiding and abetting the shooting into a vehicle.

## II. Weight of the Evidence

¶16. A motion for a new trial challenges the weight of the evidence. *Grossley,* 127 So. 3d at 1147 (¶10) (citing *Bush*, 895 So. 2d at 844 (¶18)). "The standard for reversing a jury's verdict as against the overwhelming weight of the evidence is very high." *Collier v. State*, 183 So. 3d 885, 893 (¶34) (Miss. 2016). "The power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." *Bush*, 895 So. 2d at 844 (¶18) (quoting *Amiker v. Drugs for Less Inc*., 796 So. 2d 942, 947 (¶18) (Miss. 2000)).

6

¶17. This Court "will reverse only when the facts and inferences point in favor of the defendant on any element of the offense with sufficient force that a reasonable jury could not have found beyond a reasonable doubt that the defendant was guilty." *Collier*, 183 So. 3d at 893 (¶34) (citing *Moore v. State*, 151 So. 3d 200, 202 (¶9) (Miss. 2014)). We view "the evidence in the light most favorable to the verdict and 'will only [reverse] when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Thomas v. State*, 180 So. 3d 756, 763 (¶23) (Miss. Ct. App. 2015) (citing *Grossley*, 127 So. 3d at 1149 (¶19)).

¶18. Viewing the evidence presented at trial in the light most favorable to the verdict, we find that Crowell's guilty verdict is not so contrary to the evidence as to constitute an unconscionable injustice. Furthermore, Crowell's conviction was not against the overwhelming weight of the evidence.

## CONCLUSION

¶19. Finding no error, we affirm the judgment of conviction of the Hinds County Circuit Court.

¶20. **THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, OF CONVICTION OF AIDING AND ABETTING A SHOOTING INTO A VEHICLE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**