# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01002-COA

**JAIRUS COLLINS A/K/A JAIRUS J. COLLINS**  **APPELLANT**
**A/K/A JAIRUS JIDON COLLINS A/K/A JARIUS**
**COLLINS A/K/A JARIUS J. COLLINS**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/12/2016 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL ADELMAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/07/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Jairus Collins was retried for the murder of Ebony Jenkins on May 10-12, 2016, in the Circuit Court of Forrest County. Collins was found guilty and sentenced as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015) to life without parole in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Collins filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the circuit court denied by order. Collins timely appeals. After review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In December 2011, Jenkins's body was discovered behind the Mississippi Children's Home Services Care School in Hattiesburg, Mississippi. Collins was later identified as a suspect in Jenkins's murder and arrested. In November 2012, a Forrest County grand jury indicted Collins as a habitual offender for Jenkins's murder and possession of a weapon by a convicted felon. The circuit court granted Collins's motion to sever the charges in his indictment.

¶3.     After a trial on the murder charge, Collins was convicted in the Forrest County Circuit Court and appealed his conviction. This Court affirmed Collins's conviction. However, in August 2015, the Mississippi Supreme Court reversed Collins's conviction and remanded for a new trial.[1]

¶4.     Collins was retried on the murder charge on May 10-11, 2016, in the Forrest County Circuit Court. He was convicted of murder and sentenced as a habitual offender to serve life without eligibility for parole in the custody of the MDOC. Collins filed a motion for a JNOV or, in the alternative, a new trial. The circuit court denied the motion by order in July 2016. Collins timely appeals.

## DISCUSSION

---

[1] In September 2015, the State moved to set the case for trial as to Count II only, the felon-in-possession-of-a-weapon count, and the motion was granted. In February 2016, Collins was convicted of being a felon in possession of a weapon. He was sentenced as a habitual offender without eligibility for probation, parole, or any form of early release pursuant to section 99-19-83. Collins appealed this conviction, and this Court affirmed the trial court's decision. *Collins v. State*, 2016-KA-00422-COA, 2017 WL 2263764 (Miss. May 23, 2017).

**I.    Whether the verdict is against the overwhelming weight of the evidence.**

¶5.    Collins argues that the circuit court improperly denied his requests for a directed verdict and JNOV.  "Because motions for directed verdicts and JNOV motions require consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court." *Shipp v. State*, 847 So. 2d 806, 811 (¶20) (Miss. 2003) (citation and internal quotations omitted).  Here, it is the denial of Collins's JNOV motion or, in the alternative, a new trial that was made last.

¶6.    However, we find that Collins combined his arguments regarding the legal sufficiency of the evidence with his argument regarding the overwhelming weight of the evidence.  We will address each issue separately.

### A.    Sufficiency of Evidence

¶7.    "A motion for a JNOV tests the sufficiency of the evidence." *Crowell v. State*, 193 So. 3d 706, 710 (¶13) (Miss. Ct. App. 2016) (citation omitted).  "When addressing the legal sufficiency of [the] evidence, we consider all evidence in the light most favorable to the State." *Id.* (citing *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (abrogated on other grounds)).

¶8.    Collins asserts that there was insufficient evidence to establish that he committed the crime, and that the State failed to establish he was in possession of the gun.  However, this Court has held that the fact that "the only evidence supporting [a] conviction is circumstantial does not mean the evidence is insufficient." *Goldsmith v. State*, 195 So. 3d 207, 213 (¶24) (Miss. Ct. App. 2016).  "The Mississippi Supreme Court has consistently held that the State

3

may prove a crime solely by circumstantial evidence." *Id*.

¶9. Collins was convicted of deliberate-design murder under Mississippi Code Annotated section 97-3-19(1)(a) (Rev. 2014), which states:

> (1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases:
>
> > (a) When done with deliberate design to effect the death of the person killed, or of any human being, shall be first-degree murder[.]

¶10. The State established that Collins knew Jenkins through the testimony of Collins's brother, Joshia Collins. Joshia testified that he introduced Collins and Jenkins. The State also established that Collins knew Jenkins through the testimony of her friend, Jessie Miles.

¶11. Jessie testified that he gave his .40-caliber HiPoint pistol to Collins to repair approximately three weeks prior to Jenkins's murder. Jessie further stated that Collins never returned the gun to him. Jessie presented the receipt for the purchase of the pistol to the police shortly after Collins was arrested for Jenkins's murder. The receipt contained the pistol's serial number.

¶12. Jeff Byrd, a crime-scene investigator with the Hattiesburg Police Department, testified that a .40-caliber shell casing was found under some leaves close to where Jenkins's body was found. Further, Byrd stated that although the serial number had been partially scratched off of the pistol, he was able to retrieve its serial number. As a result, Jessie was identified as the owner of the pistol used to shoot Jenkins.

¶13. Further, the State established that Collins and Jenkins exchanged several phone calls and text messages prior to Jenkins's death. Kalina Collins, Collins's sister, testified that

4

Collins used her phone frequently, and that Collins possessed her phone prior to Jenkins's death. The State also presented evidence from the cell-phone records that Collins was in close proximity to Jenkins prior to her death.

¶14. A .40-caliber pistol was found in the woods wrapped in a gray hoodie. Joshia led the police to the location of the gun, after being in that same location with Collins after the murder. Craig Mitchell testified that he heard gunshots and saw a person wearing either a blue or gray hoodie sweater running toward apartments close to where Jenkins's body was found.

¶15. Considering the evidence in the light most favorable to the State, we find that there was sufficient evidence to convict Collins of Jenkins's murder.

### B. Weight of the Evidence

¶16. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18). "A motion for a new trial challenges the weight of the evidence." *Crowell*, 193 So. 3d at 710 (¶16).

¶17. Further, the Mississippi Supreme Court has held:

> [T]he evidence should be weighed in the light most favorable to the verdict. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict.

*Bush*, 895 So. 2d at 844 (¶18) (citations and quotation marks omitted).

¶18. Collins asserts that there was conflicting evidence as to Jenkins's date of death. He

5

also asserts that the State failed to prove that he ever possessed the alleged murder weapon on December 7, 2011. Collins also maintains that a witness, Craig Mitchell, described a man of substantially different height and build running away from the murder scene, and as a result, the verdict was contrary to the overwhelming weight of the evidence. However, "[t]he determination of witness credibility lies within the sole province of the jury." *Griffith v. State*, 123 So. 3d 472, 476 (¶17) (Miss. Ct. App. 2013) (citation omitted). Furthermore, "[w]e do not disturb a jury's finding on conflicting testimony where there is substantial evidence to support the verdict." *Id*. (quotation marks omitted).

¶19. After a careful review of the evidence and record, we find that a reasonable jury could have found beyond a reasonable doubt that Collins was guilty of murder, and that Collins's guilty verdict was not so contrary to the evidence so as to constitute an unconscionable injustice. Further, we find no abuse of discretion by the circuit court's denial of Collins's motion for a new trial. Therefore, this issue is without merit.

## II. Whether the State proved corpus delicti.

¶20. Collins asserts that the State failed to prove the second element of the corpus delicti in the case. "To establish the corpus delicti in a homicide case, there must be proof of (1) death of a human being and (2) a criminal agency causing that death." *Hodge v. State*, 823 So. 2d 1162, 1165 (¶11) (Miss. 2002).

¶21. In this case, there was undoubtedly the death of a human being. Matthew Allen, a witness at trial, testified that he found Jenkins's lifeless body on the ground behind the Mississippi Children's Home Services Care School.

6

¶22. Next, we find that Dr. Mark LeVaughn's testimony satisfied the second element of the corpus delicti in this case. Dr. LeVaughn, chief medical examiner of the State of Mississippi, testified that Jenkins's body had four skin defects representing two perforating gunshot wounds. Dr. LeVaughn described these defects as two entry wounds and two exit wounds.

¶23. The following is an excerpt of Dr. LeVaughn's testimony:

> Q. Yes, sir. Now, after your examination — both the initial and the autopsy — were you able to reach a conclusion as to the cause of death of Ebony Jenkins?
>
> A. Yes, I was.
>
> Q. And what was that?
>
> A. The cause of death of Ms. Jenkins [wa]s multiple gunshot wounds.
>
> . . . .
>
> A. The wounds that I described, the entry wounds are D and C, and those — wound D enters the left back in kind of the midportion, and wound C enters the right back a little above it. So wound D enters the left back and exits the left chest. And in that path in the chest cavity is the lung, the left lung. So the left lung got injured and a lot of blood from that injury in the chest cavity. The other entry wound, wound C, is to the right back in this approximate area about the shoulder blade. And if you'll turn around again, that comes up through the chest and exits the neck right in the midline at A. So A and B are the exit wounds of C and D.

¶24. The Supreme Court has previously held "that evidence of trajectory and path of a bullet causes us to conclude that the evidence and reasonable inferences which the jury was justified in drawing from the testimony sufficiently establishes criminal agency." *Hodge,* 823 So. 2d at 1165-66 (¶11).

7

¶25. Here, we find that Dr. LeVaughn's testimony sufficiently established criminal agency. Therefore, we find this assignment of error is without merit.

### III. Whether Collins's retrial was barred by the Double Jeopardy Clause.

¶26. "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article 3, Section 22 of the Mississippi Constitution protect against a second prosecution for the same offense after conviction or acquittal and against multiple punishments for the same offense." *Ude v. State*, 93 So. 3d 891, 893 (¶9) (Miss. Ct. App. 2012) (citation omitted). Collins asserts that the Double Jeopardy Clause bars a second trial, as the Supreme Court determined in a prior appeal that there was insufficient evidence to support his verdict. However, that was not the Supreme Court's holding.

¶27. In *Collins v. State*, 172 So. 3d 724, 744 (¶30) (Miss. 2015), the Supreme Court held:

> The trial court erred by failing to suppress Collins's statement to police after he invoked his right to counsel. It further erred by allowing Detective Sims to testify as a lay witness regarding cell phone location technology when such opinion testimony requires the witness be qualified as an expert. Accordingly, we reverse the judgments of the Court of Appeals and the Forrest County Circuit Court and remand the case for further proceedings consistent with this opinion.

¶28. Further, this Court has held that "when a criminal defendant successfully obtains a reversal and remand of the circuit court's judgment, granting a new trial does not amount to double jeopardy." *Ude*, 93 So. 3d at 894 (¶9) (citations omitted). Therefore, this issue is without merit.

### IV. Whether Mississippi Code Annotated section 99-19-83 is unconstitutional.

¶29. Collins argues that this Court should consider whether section 99-19-83 is constitutional in light of Rule 404(b) of the Mississippi Rules of Evidence.

¶30. Rule 404(b) states:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

¶31. Collins cites *Moore v. State*, 859 So. 2d 379 (Miss. 2003), *Flowers v. State*, 773 So. 2d. 309 (Miss. 2000), and *Robinson v. State*, 497 So. 2d 440 (Miss. 1986), in support of his argument. However, in these cases, evidence of other crimes was presented during the jury trial. In this case, Collins asserts that Rule 404(b) applies during a sentencing hearing. However, he fails to cite any authority supporting this assertion. "It is well established that the failure to cite relevant authority, or to make any connection between the authority cited and the appellant's case[,] constitutes a procedural bar." *Chester v. State*, 201 So. 3d 506, 510 (¶12) (Miss. Ct. App. 2016) (citation and quotation marks omitted). Therefore, we find this issue is procedurally barred.

¶32. Collins further argues that this Court should consider *Miller v. Alabama*, 567 U.S. 460, 465 (2012), which held that "mandatory life without parole for those under the age of [eighteen] at the time of their crimes violate[s] the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" However, Collins was twenty-six years old at the time of his conviction. Collins was also sentenced under section 99-19-83 based on three felony

9

convictions — all of which occurred after Collins turned eighteen.[2]  Therefore, *Miller* is inapplicable, and this assignment of error is without merit.

¶33.    Collins also maintains that this Court should consider the holdings in *Blakely v. Washington,* 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to determine the constitutionality of the habitual-offender statute.  In *Apprendi*, 530 U.S. at 490, the Supreme Court of the United States held:  "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  (Emphasis added).  In *Blakely*, 542 U.S. at 303, the Supreme Court of the United States held:  "Our precedents make clear . . . that the statutory maximum . . . *is the maximum sentence a judge may impose* solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  (Emphasis added).

¶34.    Here, the circuit court judge based the determination that Collins was a habitual offender on the evidence of Collins's three prior convictions.  The judge did not make any additional findings of fact.  Therefore, we find that Collins's sentence as a habitual offender under section 99-19-83 does not violate the United States Supreme Court's holdings in

---

[2] In 2006, Collins was convicted in the Circuit Court of Leflore County for felony armed robbery.  He was sentenced to ten years in the custody of the MDOC and served at least one year and one day of said term.  Also in 2006, Collins was convicted in the Circuit Court of Leflore County of felony burglary of a dwelling.  He was sentenced to five years in the custody of the MDOC and served at least one year and one day of said term.

In 2008, Collins was convicted in the Circuit Court of Orange County, Florida, for lewd or lascivious battery.  He was sentenced to a term of four years in the custody of the Florida Department of Corrections and served at least one year and one day of said term.

*Apprendi* and *Blakely*. Accordingly, we find this argument has no merit.

¶35.    Moreover, in his brief, Collins concedes that the Mississippi Supreme Court and this Court have previously held that section 99-19-83 is constitutional.[3]  Collins's conviction and sentence are affirmed.

¶36.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR AND GREENLEE, JJ., CONCUR.  WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  TINDELL, J., NOT PARTICIPATING.**

---

[3] The Mississippi Supreme Court has held "that it is the province of the circuit judge to serve as the finder of fact in determining whether the habitual-offender part of the indictment is established by the requisite degree of proof." *McKnight v. State*, 187 So. 3d 635, 653-54 (¶67) (Miss. Ct. App. 2015) (citation and quotation marks omitted). "Moreover, [the] [S]upreme [C]ourt has explicitly held that section 99-19-83 is constitutional as written." *Id*. (quotation marks omitted).